IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | | |
|---|---|---|
| ARTHUR CHRISTIAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08-00945 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**M E M O R A N D U M   O P I N I O N**

This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's request for waiver of recovery of an overpayment totaling $59,687.20 to Claimant and $44,338.00 to Claimant's son, in Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. This case is presently pending before the Court on the parties' cross-Motions for Judgment on the Pleadings. (Document Nos. 9 and 12.) Both parties have consented in writing to a decision by the United States Magistrate Judge. (Document Nos. 2 and 3.)

The Plaintiff, Arthur Christian (hereinafter referred to as "Claimant"), filed an Application for DIB and was awarded benefits with a finding of disability commencing on November 18, 1994. (Tr. at 14.) On April 23, 2001, after learning of his receipt of workers' compensation benefits, Claimant submitted a statement to the Social Security Administration, in which he acknowledged receipt of the workers' compensation benefits but stated that he wish "to receive full DIB and hereby agree to promptly repay any overpayment created when I become entitled to a state worker's compensation and/or Department of Labor Black Lung benefits." (Tr. at 70.) In September, 2003, the Social Security Administration (hereinafter referred to as "the Agency"), notified Claimant and his son that they had

1

been overpaid DIB. (Tr. at 27-30, 36-40.) On October 17, 2003, Claimant submitted a "Request for Reconsideration" of the Agency's decision and a "Request for Waiver of Overpayment Recovery or Change in Repayment Rate." (Tr. at 77, 92-99.) Claimant argued that the overpayment was not his fault because he reported his workers' compensation benefits to the Agency but never heard anything from the Agency. (Tr. at 93.) He asserted that he "reported [his] workers compensation to S.S.A. and [that] it was your responsibility to notify [him] in a timely manner of overpayment." (Tr. at 94.)

On December 23, 2004, the Agency issued a "Notice of Reconsideration" upholding its initial decision. (Tr. at 90-91.) On March 9, 2005, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 79.) The hearing was held on January 5, 2006, before the Honorable Robert Habermann. (Tr. at 146-66.) By decision dated March 22, 2008, the ALJ denied Claimant's request for a waiver of overpayment, finding that Claimant was overpaid and was not without fault in accepting the overpayment due to the receipt of workers' compensation benefits. (Tr. at 14-18.) The ALJ's Decision became the final decision of the Commissioner on May 30, 2008, when the Appeals Council denied Claimant's request for review. (Tr. at 3-6.) On July 24, 2008, Claimant brought the present action seeking judicial review of the administrative decision. (Document No. 1.)

Scope of Review

The issue before this Court is whether the final decision of the Commissioner is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the Court, is charged with resolving

conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the Courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is supported by substantial evidence.

Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the Commissioner's decision is not supported by substantial evidence because the ALJ erred in finding Claimant not without fault in causing the overpayment. (Document No. 10 at 2-9.) The Commissioner asserts that Claimant's argument is without merit and that the ALJ's decision is supported by substantial evidence. (Document No. 12 at 7-12.)

Analysis.

In determining whether a claimant is at fault with regard to an overpayment, the Commissioner "will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations . . . the individual has." 20 C.F.R. § 404.507 (2008). An individual will be found at fault when an incorrect payment resulted from one of the following:

> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
> (b) Failure to furnish information which he knew or should have known to be material; or
> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

Id.

The ALJ found, after considering the evidence of record, that Claimant knew or should have

3

known that he was receiving benefits which were incorrectly issued during a period of benefit offset caused by receipt of Workers' Compensation benefits. (Tr. at 16-17.) The ALJ noted that Claimant testified that he contacted Social Security when he learned of his receipt of workers' compensation benefits, but submitted a statement that he wished to receive full payment of DIB and that he agreed to repay promptly any overpayment created by entitlement to workers' compensation benefits. (Tr. at 16.) The ALJ found therefore, that on receipt of a Workers' Compensation settlement, Claimant reasonably should have expected to see a sharp decrease in his DIB. (Tr. at 17.) For these reasons, the ALJ found that Claimant was advised throughout the various stages of his receipt of benefits "that ultimately he would be responsible for returning any payments that were made in excess of the amount adjusted by his receipt of Worker's Compensation and he accepted the benefits with that knowledge and on those conditions." (Tr. at 17.)

The Court finds that the ALJ's determination that Claimant was not without fault was proper and supported by substantial evidence. Although Claimant reported receipt of the Workers' Compensation benefits in April, 2001, he apparently spent the money by the time he was notified in September, 2003, that there had been an overpayment. (Tr. at 165.) Claimant essentially argues that he is without fault because he notified the Agency of the receipt of his Workers' Compensation award in April, 2001, but never heard from the Agency until September, 2003. As the Commissioner notes however, the fact that the Agency could have minimized the overpayment by reviewing the matter months earlier does not excuse the claimant's fault. See Watson v. Sullivan, 940 F.2d 168, 172 (6th Cir. 1991). Furthermore, Claimant signed an agreement to repay any overpayment that he may have and requested that he continue to receive full DIB. Thus, Claimant's agreement may have delayed the Agency's review of the overpayment determination because he continued to receive benefits. Nevertheless, the Commissioner points out that the Agency notified Claimant of the overpayment in

4

September, 2003, which was only three months after Claimant's workers' compensation award was finalized on appeal to the West Virginia Supreme Court of Appeals. Consequently, any delay on the Agency's part may have been attributable to waiting for the workers' compensation award to have been finalized.

Based upon the evidence of record, the Claimant knew or should have known that there would be an offset of benefits. The Commissioner considered the pertinent circumstances. Accordingly, the Court finds that the ALJ's determination was proper and in accordance with the applicable law and Regulations

After careful consideration of the evidence of record, the Court finds that the Commissioner's decision was proper and supported by substantial evidence and is in accordance with the applicable law and Regulations. Accordingly, for the reasons set forth in this Memorandum Opinion and by the Judgment Order entered this day, the Plaintiff's Motion for Judgment on the Pleadings (Document No. 9.) is **DENIED**, Defendant's Motion for Judgment on the Pleadings (Document No. 12.) is **GRANTED**, the final decision of the Commissioner is **AFFIRMED,** and this matter is **DISMISSED** from the docket of this Court.

The Clerk of this Court is directed to provide copies of this Memorandum Opinion to all counsel of record.

ENTER: September 30, 2009.

R. Clarke VanDervort
United States Magistrate Judge